COPY

1  Marc V. Allaria (SBN 168960)
   **LITCHFIELD CAVO LLP**
2  245 S. Los Robles Avenue, Suite 450
   Pasadena, California 91101
3  Tel: (626) 683-1100
   Fax: (626) 683-1113
4  allaria@litchfieldcavo.com

5  Attorneys for Defendant
   FIRST CHOICE RESEARCH AND
6  INVESTIGATIONS INC. erroneously
   named as FIRST CHOICE
7  BACKGROUND SCREENING, d/b/a/
   FIRST CHOICE RESEARCH
8  SCREENING

FILED

13 DEC 27 PM 3: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 ANDREA L. RUFFING, on behalf of          Case No. CV13-9514 JAK (AJWx)
   herself and all others similarly situated,
13                                          (Los Angeles County Superior Court Case
                   Plaintiff,              No. BC526352)
14
15 vs.                                     **NOTICE OF REMOVAL PURSUANT
                                           TO 28 U.S.C. SECTIONS 1331, 1441,
16 FIRST CHOICE BACKGROUND                 AND 1446 (FEDERAL QUESTION
   SCREENING, d.b.a. FIRST CHOICE          JURISDICTION)**
17 RESEARCH SCREENING, a foreign
   corporation doing business in California;
18 and DOES 1-10, inclusive,               Complaint filed on November 1, 2013
                                           Trial Date: TBD
19                 Defendants.

20

21         TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

22 CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR

23 COUNSEL OF RECORD:

24         PLEASE TAKE NOTICE that based on the following allegations, Defendant

25 FIRST CHOICE RESEARCH AND INVESTIGATIONS INC. erroneously named as

26 FIRST CHOICE BACKGROUND SCREENING, d/b/a/ FIRST CHOICE RESEARCH

27 SCREENING ("First Choice") hereby removes the above-captioned action from the

28

-1-

Superior Court of the State of California, for the County of Los Angeles, to the United States District Court, for the Central District of California, on the grounds of federal question jurisdiction pursuant to 28 U.S.C. Sections 1331, 1441 (b), and 1446. The following statement is submitted pursuant to 28 U.S.C. Section 1446(a):

## BACKGROUND

On or about November 1, 2013, the unverified Complaint for Damages was filed by Plaintiff in the Superior Court of the State of California, for the County of Los Angeles, entitled "*ANDREA L. RUFFING, on behalf of herself and all others similarly situated vs. FIRST CHOICE BACKGROUND SCREENING, d.b.a. FIRST CHOICE RESEARCH SCREENING, a foreign corporation doing business in California; and DOES 1-10, inclusive*" (the "Complaint"), designated Los Angeles County Superior Court Case No. BC 439290 (the "State Court Action").

1.     The Complaint alleges a single cause of action against First Choice for Violation of FCRA [Fair Credit Reporting Act] Section 1681b(b)1(A)(i) and 1681b(b)2(A)(i).

2.     On December 23, 2013, First Choice's counsel received on behalf of First Choice a Notice of Acknowledgment of Receipt of the Summons and Complaint. Prior to this date "First Choice Research And Investigations Inc." was not served with the Complaint, nor was it even named in the Complaint, however despite the misidentification in the Complaint, "First Choice Research And Investigations Inc." has agreed to accept service, and appear in this action.

///
///
///
///
///
///

NOTICE OF REMOVAL OF ACTION TO PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441, AND 1446

## TIMELINESS OF REMOVAL

3.     This Notice of Removal is timely because it is being filed within thirty (30) days of First Choice receiving the Notice of Acknowledgment of the Summons and Complaint.[1]

## PROCEEDINGS IN STATE COURT

4.     No proceedings have been held or scheduled in the State Court. Attached hereto as Exhibit "A" are true and correct copies all documents filed in the State Court: (1) Notice of Acknowledgment; (2) Summons and Complaint; (3) Civil Case Cover Sheet; (4) Civil Case Cover Sheet Addendum and Statement of Location; (5) Notice of Case Assignment –Class Action Cases; and (6) Alternative Dispute Resolution Information Package.

## FEDERAL QUESTION JURISDICTION - FAIR CREDIT REPORTING ACT, (15 U.S.C. § 1681 *et seq.*)

5.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331.  Federal courts have original jurisdiction over claims arising under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. Section 1681.  Plaintiff's Complaint is based upon alleged violation of this federal statute.

## NO OTHER PARTIES NEED TO JOIN THIS REMOVAL

6.     All defendants who have been named and served in this lawsuit have signed this Notice of Removal. [As detailed above, First Choice Research And Investigations Inc. is appearing in this action on behalf of the improperly named defendant: "First Choice Background Screening, d.b.a. First Choice Research Screening."]

---

[1] Under 28 U.S.C. § 1446(b), the removing defendant must file this Notice "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]"  The Supreme Court has interpreted this language so that the 30-day removal period starts only when the plaintiff actually completes valid service of process on the defendant under state law, not when the defendant first receives or obtains a copy of plaintiff's papers. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Under 28 U.S.C. § 1446(b)(2)(B) as amended in 2011, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."

NOTICE OF REMOVAL OF ACTION TO PURSUANT TO 28 U.S.C. SECTIONS 1331, 1441, AND 1446

## VENUE

7.     This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. Section 1441(a).

## NON-WAIVER OF DEFENSES.

8.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of First Choice's rights to assert any defense or affirmative matter including without limitation a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

## NOTICE OF REMOVAL

9.     Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California in the State Court Action.

10.     This Notice of Removal will be served on all of Plaintiff's counsel identified on the Summons and Complaint.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

11.     WHEREFORE, First Choice removes the above-captioned action now pending in the Superior Court of the State of California, for the County of Los Angeles, to this Court, by timely filing this Notice of Removal.

DATED:  December 23, 2013          LITCHFIELD CAVO LLP

By:
           Marc V. Allaria
           Attorneys for Defendant
           FIRST CHOICE RESEARCH AND
           INVESTIGATIONS INC. erroneously named
           as FIRST CHOICE BACKGROUND
           SCREENING, d/b/a/ FIRST CHOICE
           RESEARCH SCREENING

-4-

Exhibit "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
First Choice Background Screening, d.b.a. First Choice Research
Screening, a foreign corporation doing business in California; and Does
1-10. inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Andrea L. Ruffing, on behalf of herself and all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 01 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court - Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso)*
BC 5 2 6 3 5 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Girardi Keese; 1126 Wilshire Blvd., Los Angeles, CA 90017; 213-977-0211

DATE: NOV 01 2013     Clerk, by _____ JOHN A. CLARKE Shaunya Wesley, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
Page 5

1   John A. Girardi, Esq. (SBN #54917)
        jgirardi@girardikeese.com
2   V. Andre Sherman, Esq. (SBN #198684)
        asherman@girardikeese.com
3   **GIRARDI KEESE**
4   1126 Wilshire Blvd.
5   Los Angeles, CA 90017
    Ph: (213) 977-0211
6   Fax: (213) 481-1554

7

**Attorneys for Plaintiff and the Proposed Class**
8   *[Additional counsel listed on signature page]*

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF LOS ANGELES

12                          CENTRAL – DIVISION

13

14
    ANDREA L. RUFFING, on behalf of )      No.: _____
15  herself and all others similarly )
    situated,                        )
16                                    )     **ORIGINAL COMPLAINT**
              Plaintiff,             )        **CLASS ACTION**
17        vs.                        )
                                      )     **DEMAND FOR JURY TRIAL**
18  FIRST CHOICE BACKGROUND          )
    SCREENING, d.b.a. FIRST          )
19  CHOICE RESEARCH                  )
    SCREENING, a foreign corporation )
20  doing business in California; and DOES )
    1-10 inclusive,                  )
21                                    )
              Defendant.             )
22

23

24

25

26

27

28

                                    1

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 01 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
      SHAUNYA WESLEY

BC526352

## PRELIMINARY STATEMENT

1. This is a consumer class action challenging Defendant FIRST CHOICE BACKGROUND SCREENING, d.b.a. FIRST CHOICE RESEARCH SCREENING's (hereafter as "FIRST CHOICE") widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA") in employment criminal background screening.

2. Before employers use consumer-background reports as a factor in their decision to hire, promote, reassign, or terminate employees, the FCRA imposes certain strictures on those employers. Specifically, the FCRA requires that an employer first disclose its intent to use a background report in its hiring decision and must obtain the prospective employee's written authorization to do so, and the employer's disclosure must be "in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A). FIRST CHOICE contracts with these employers to provide background screening services and supplies them with various standardized forms including authorization forms that purport to obtain said written authorization from consumers.

3. The standardized authorization forms supplied by FIRST CHOICE fails to meet 15 U.S.C. §1681b(b)(2)(A), as its disclosure of intent to use a background report also contains a purported release of the prospective employee's claims against both the prospective employer as well as FIRST CHOICE.

4. Specifically, FIRST CHOICE requires consumers to "release and hold harmless all parties involved from any liability and responsibility for [furnishing consumer reports]."

5. Resting in the comfort of this provision, FIRST CHOICE also wantonly disregards other mandates of the FCRA including its requirements that consumer reporting agencies such as FIRST CHOICE must use "reasonable procedures to

2

1 | assure **maximum possible accuracy** of the information concerning the individual
2 | about whom the report relates" as well as "**strict procedures**" to ensure that the
3 | information reported is "complete and up to date." 15 U.S.C. §§1681e(b);
4 | 1681k(a)(2) (Emphasis added).

5 |     6.    FIRST CHOICE intentionally and/or recklessly disregards these
6 | obligations and systematically, and routinely discloses criminal history information
7 | on consumer reports that are inaccurate, incomplete, and not up to date.

8 |     7.    Plaintiff brings claims for these violations of the FCRA for herself and
9 | all individuals in the Classes described below.

## PARTIES

13 |     8.    Plaintiff ANDREA L. RUFFING is an adult individual who at all times
14 | relevant hereto resided in Long Beach, California.

15 |     9.    Defendant FIRST CHOICE is a Florida corporation that regularly
16 | conducts business in California.

## FACTUAL ALLEGATIONS

### A. Defendant's Practices In Furnishing Background Reports in the Employment Context

22 |     10.    Defendant is a nationwide furnisher of consumer reports to prospective
23 | employers and/or employers in the context of evaluating the consumer's eligibility
24 | for employment or continued employment.

25 |     11.    The FCRA defines a "consumer report" as "any written, oral, or other
26 | communication of *any information* by a consumer reporting agency bearing on a
27 | consumer's credit worthiness, credit standing, credit capacity, character, general

3

1   reputation, personal characteristics, mode of living which is used or expected to be

2   used for . . ." among other things "(B) employment purposes." (emphasis added).

3       12.    The FCRA limits the use of consumer reports, including background

4   reports like those at issue in this case, to only certain instances.

5       13.    When agency that regularly furnishes consumer reports to employers

6   and/or prospective employers such as FIRST CHOICE, it subjects itself to the

7   strictures of the FCRA.

8       14.    Defendant supplies its employer clients a standardized form in which it

9   discloses to consumer-applicants its intention to obtain a consumer report about

10  them, and it also obtains the consumer's written permission to obtain that report.

11      15.    On information and belief, job applicants in all employers that contracts

12  with FIRST CHOICE to provide consumer reports receive and execute a form

13  disclosure identical to the one Plaintiff received and executed.

14      16.    The FCRA explicitly requires that the disclosure of an employer's intent

15  to obtain a background report on an applicant be contained in a "stand alone"

16  document, and that the authorization be "clear and conspicuous."

17      17.    FIRST CHOICE uses a disclosure that preys on applicants' ignorance or

18  desire to please their prospective employer, as FIRST CHOICE includes within the

19  disclosure form the following statement:

20          I hereby authorize, without reservation, First Choice and the directors,
            officers, employees, and agents of the foregoing, and any part or agency
21          contracted by First Choice and their directors, officers, employees, and
            agents, as a condition precedent to employment or as a condition of
22          continuing employment, to contact….law enforcement agencies,
            government agencies….to supply any information concerning my
23          background and to furnish the above listed information to release and
            hold harmless all parties involved from any liability and responsibility
24          for doing so.

25      18.    FIRST CHOICE's form also contains and requires additional

26  information not permitted under the FCRA's requirement that the document "consist

27  solely of the disclosure," as: 1) it requires the consumer to disclose, on the face of

28

4

1 the form, whether she has ever been convicted of a crime and to provide city and
2 state of convictions along with "details of convictions"; and 2) it purports to obtain
3 consumer consent to obtain adverse information including "consumer credit history,
4 criminal credit history, worker compensation claim history, civil records history,
5 driving record history, employment history and other such reports that may exhibit
6 information of [consumer] character, work habits, performance, education and
7 experience, along with reasons for termination of employment from previous
8 employers" dating back past *ten* years. This is in direct violation of 15 U.S.C.
9 §1681c(a)(2) and (5) which prohibits the disclosure of adverse information, other
10 than records of convictions of crimes, dating back more than seven years.

11      19.    Separately from the requirement that employers use clear, stand-alone
12 documents to obtain authorizations to procure background reports for employment
13 uses, the FCRA requires that consumer reporting agencies such as FIRST CHOICE
14 to use "reasonable procedures to assure *maximum possible accuracy* of the
15 information concerning the individual about whom the report relates" as well as
16 "*strict procedures*" to ensure that the information reported is "complete and up to
17 date." 15 U.S.C. §§1681e(b); 1681k(a)(2) (Emphasis added).

18      20.    As further described, FIRST CHOICE fails with respect to every
19 consumer who signed the defective authorization form and who has been subject to a
20 consumer report furnished by FIRST CHOICE.

21

22 **B. Factual Background of Plaintiff's Application for Employment and the
23 Furnishing of Consumer Report by FIRST CHOICE**

24      21.    On or about late January and early February, 2012, Plaintiff applied for
25 employment with GOODWILL. The consumer reporting agency conducting the
26 background check was FIRST CHOICE.

27

28

5

22.   In connection with Plaintiff's employment application, Plaintiff signed an authorization furnished by FIRST CHOICE. (A redacted copy is attached herein as Exhibit "1.")

23.   This authorization form is the same form that FIRST CHOICE makes publicly available to its employer clients on its website at http://www.firstchoiceresearch.com/docs/CONSUMER%20AUTHORIZATION.pdf. (Last viewed September 11, 2013). A true and correct copy of this publicly available form is attached herein as Exhibit "2".

24.   As thoroughly described above, the FIRST CHOICE authorization form does not comply with the standalone requirements of the FCRA as it purports to release FIRST CHOICE of all liabilities and it also purports to permit FIRST CHOICE to violate the FCRA by allowing FIRST CHOICE to report adverse information antedating the report by more ten years rather than the seven years allowed under the FCRA.

25.   Moreover, the consumer report disclosed erroneous and duplicate criminal history information that resulted in denial of employment to Plaintiff by GOODWILL.

26.   Specifically, the consumer report disclosed information related to "Case #050006 in Los Angeles Superior Court" for a "criminal felony." No such criminal case with this case number exists anywhere in Los Angeles Superior Court records and the entry does not reference the name of the underlying conviction; the disposition; or the disposition date.

27.   The consumer report also disclosed information related to Case#310-08-CR-05416 purportedly for a conviction of a "felony" called "extradition/fugitive other state" in Durham, North Carolina. However, no such crime exists anywhere in the North Carolina penal code. It is not a crime capable of being convicted much less as a "felony."

6

28.    In a separate entry, Defendant reported a second criminal conviction for Case#01310DURHAM2008CR054146 which again is purportedly another "felony "charge for "EXTRADITION/FUGITIVE OTH STATE." Similarly, no such crime exists anywhere in the North Carolina penal code. (A redacted copy of the subject consumer report is attached herein as Exhibit "3").

29.    The only statute that discusses criminal extraditions is a procedural statute under North Criminal General Statute's Uniform Criminal Extradition Act §15A-721 *et seq.* It is not a criminal charge upon which a criminal defendant can be convicted.

30.    As a result of FIRST CHOICE's consumer report was that Plaintiff was summarily denied employment by GOODWILL.

## C. Applicable Law

31.    Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who furnish or obtain a "consumer report" about employees or prospective employees as follows (with emphasis added):

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person* may not procure a *consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless* —
>
> a.    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure,* that a consumer report may be obtained for employment purposes; and
>
> b.    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (a)) the procurement of the report by that person.

32.    Section 1681b(b)(2)(A) therefore imposes upon employers the duty to provide a "clear and conspicuous" disclosure to prospective or current employees

7

that a consumer report about them will be procured. Further, section 1681b(b)(2)(A) mandates that the disclosure must be limited only to a disclosure that a consumer report may be obtained for employment purposes and to the written authorization of the prospective or current employee; no other documents or provisions are allowed. Section 1681b(b)(2)(A) thus prohibits employers from including or obtaining other information as part of the disclosure such as a release or waiver of rights or by using multiple, conflicting documents to obtain the authorization.

33.     Under 15 U.S.C. §1681b(b)(1), a consumer reporting agencies such as FIRST CHOICE may furnish a consumer report *"only if"* it has obtained a certification from the employer users that it will comply with Section 1681b(b)(2)(A) as described above. FIRST CHOICE failed to meet this certification requirement by furnishing to its employer clients the same defective form that formed the basis of the 1681b(b)(2)(A) violation.

**D. FIRST CHOICE Acted Willfully**

34.     Defendant's procedures and conduct were willful. They were carried out in the manner that Defendant intended and not by mere accident or mistake.

35.     The statutory language and mandates restricting and governing Defendant FIRST CHOICE's business have been in effect for decades.

36.     Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct.

37.     Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in caselaw applying those provisions.

1    38.   Defendant obtained or had available substantial written materials that

2    apprised it of its duties under the FCRA. Any reasonable consumer reporting agency

3    knows about or can easily discover these mandates.

4    39.   Despite at least the constructive knowledge of these legal obligations,

5    Defendant acted consciously in breaching its known duties and depriving Plaintiff,

6    and similarly situated individuals, of their rights under the FCRA.

7    40.   As a result of these FCRA violations, Defendant is liable to Plaintiff and

8    similarly situated individuals for statutory damages from $100 to $1,000 pursuant to

9    15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §

10   1681n(a)(2) for the FCRA violations alleged herein, and for attorney's fees and costs

11   pursuant to § 1681n and § 1681o.

12   41.   In the alternative to the Plaintiffs' allegations that these violations were

13   willful, they allege that the violations were negligent and will seek certification of

14   that issue.

15              **CLASS ACTION ALLEGATIONS**

16

17   A. The FCRA Class

18

19   42.   Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this

20   action on behalf of himself and the following Class, initially defined as follows:

21   All employees or prospective employees residing in the United States
     (including all territories and other political subdivisions of the United
22   States) who were the subject of a consumer report which was furnished
     by Defendant FIRST CHOICE for employment purposes during the
23   FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding
     the filing of this action and during its pendency.
24

25

26   //

27   /

28

9

**B. Application of Rule 23 to the Class**

43.    **Numerosity – FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

44.    **Existence and Predominance of Common Questions of Law and Fact – FED. R. CIV. P. 23(a)(2) and (b)(3).** Common questions of law and fact exist as to all members of the Classes. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.  Whether the standard form authorization FIRST CHOICE furnished to employers violated 15 USC §1681b(2)(A) in that it is not a clear and conspicuous disclosure consist solely of the disclosure, that a consumer report may be obtained for employment purposes;

    b.  Whether FIRSTCHOICE violated 15 USC §1681b(b)(1)(A)(i) in failing to obtain a compliant certification from the user of its reports including a certification that a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consist solely of the disclosure, that a consumer report may be obtained for employment purposes; and

    c.  Whether Defendant knowingly and intentionally acted in conscious disregard of the rights of consumers.

45.    **Typicality – FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class Member. For class certification purposes, Plaintiff seeks only statutory and punitive damages. Plaintiff would only seek individual or actual

10

1  damages if class certification is denied. In addition, Plaintiff is entitled to relief under
2  the same causes of action as the other members of the Classes.

3      46.  **Adequacy of Representation – FED. R. CIV. P. 23(a)(3).** Plaintiff is an
4  adequate representative of the Classes because his interests coincide with, and are
5  not antagonistic to, the interests of the members of the Classes he seeks to represent,
6  he has retained counsel competent and experienced in such litigation, and he intends
7  to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and his
8  Counsel will fairly and adequately protect the interests of members of the Classes.

9      47.  **Superiority – Fed. R. Civ. P. 23(b)(3).** Questions of law and fact
10  common to the Class Members predominate over questions affecting only individual
11  members, and a class action is superior to other available methods for fair and
12  efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and
13  punitive damages sought by each member are such that individual prosecution would
14  prove burdensome and expensive given the complex and extensive litigation
15  necessitated by Defendant's conduct. It would be virtually impossible for the
16  members of the Classes individually to redress effectively the wrongs done to them.
17  Even if the members of the Classes themselves could afford such individual
18  litigation, it would be an unnecessary burden on the courts. Furthermore,
19  individualized litigation presents a potential for inconsistent or contradictory
20  judgments and increases the delay and expense to all parties and to the court system
21  presented by the complex legal and factual issues raised by Defendant's conduct. By
22  contrast, the class action device will result in substantial benefits to the litigants and
23  the Court by allowing the Court to resolve numerous individual claims based upon a
24  single set of proof in just one case.

25      48.  **Injunctive Relief Appropriate for the Class.** Class certification is
26  appropriate because Defendant has acted on grounds generally applicable to the
27
28

1 | Classes, making appropriate equitable injunctive relief with respect to Plaintiff and
2 | the Class Members. FED. R. CIV. P. 23(b)(2); see CAL. CIV. CODE § 1785.31(b).

3

4 | **CLAIMS FOR RELIEF**

5 | **COUNT I—VIOLATION OF FCRA SECTION 1681b(b)(1)(A)(i) and**
6 | **1681b(b)(2)(A)(i)**

7

8 | 49.  Plaintiff restates each of the allegations in the preceding paragraphs as if
9 | set forth at length herein.

10 | 50.  Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(i)
11 | by failing to obtain certification from its employer clients that complies with 15
12 | U.S.C. § 1681b(b)(2)(A)(i) by furnishing to the same clients a defective form to be
13 | used for employment purposes which failed to provide a clear and conspicuous
14 | written disclosure in a document that consists solely of the disclosure to applicants
15 | and employees that a consumer report may be obtained for employment purposes.

16 | 51.  Plaintiff seeks statutory damages for himself and all others similarly
17 | situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

18 | 52.  Plaintiff seeks punitive damages and equitable relief for this violation
19 | pursuant to 15 U.S.C. § 1681n(a)(2).

20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26
27
28

1    53.   In the alternative to the Plaintiff's allegations that these violations were
2  willful, he alleges that the violations were negligent and seeks issue certification of
3  that issue and appropriate remedy, if any, under 15 U.S.C. § 1681o.

4

5

6  DATED: November 1, 2013

7

8                                    By: _____
                                     THE LAW OFFICES OF DEVIN H. FOK
9                                    Devin H. Fok (SBN #256599)
                                     devin@devinfoklaw.com
10                                   P.O. Box 7165
11                                   Alhambra, CA 91802-7165
                                     Phone: (310) 430-9933
12                                   Fax: (323) 563-3445

13

14                                   **GIRARDI KEESE**
15                                   John A. Girardi, Esq. (SBN #54917)
                                     jgirardi@girardikeese.com
16                                   V. Andre Sherman, Esq. (SBN #198684)
17                                   asherman@girardikeese.com
                                     1126 Wilshire Blvd.
18                                   Los Angeles, CA 90017
19                                   Ph: (213) 977-0211
                                     Fax: (213) 481-1554
20

21                                   **A NEW WAY OF LIFE REENTRY
                                     PROJECT**
22                                   Joshua E. Kim (SBN #257260)
23                                   958 E. 108th St.
                                     Los Angeles, CA 90059
24                                   Phone: (323) 563-3575
25                                   Fax: (323) 563-3445
                                     joshua@anewwayoflife.org
26

27

28

                                     13

1

## JURY TRIAL DEMAND

2      Plaintiff demands trial by jury on all issues

3   DATED: November 1, 2013

4

5      By: _____

6      THE LAW OFFICES OF DEVIN H. FOK
       Devin H. Fok (SBN #256599)
7      devin@devinfoklaw.com
       P.O. Box 7165
8      Alhambra, CA 91802-7165
       Phone: (310) 430-9933
9      Fax: (323) 563-3445

10

11

12     **GIRARDI KEESE**
       John A. Girardi, Esq. (SBN #54917)
13     jgirardi@girardikeese.com
       V. Andre Sherman, Esq. (SBN #198684)
14     asherman@girardikeese.com
       1126 Wilshire Blvd.
15     Los Angeles, CA 90017
       Ph: (213) 977-0211
16     Fax: (213) 481-1554

17

18     **A NEW WAY OF LIFE REENTRY
       PROJECT**
19     Joshua E. Kim (SBN #257260)
       958 E. 108th St.
20     Los Angeles, CA 90059
       Phone: (323) 563-3575
21     Fax: (323) 563-3445
       joshua@anewwayoflife.org
22

23

24

25

26

27

28

14

# EXHIBIT 1



## CONSUMER AUTHORIZATION

The following information is required by law enforcement agencies and other entities for positive identification purposes when checking public records. It is confidential and will not be used for any other purposes.

Name as it appears on license: _Andrea Lynn Ruffins_

Driver's License #: _____   State: _California_   Exp. Date: _3-30-2015_

Date of Birth: _____   Social Security #: _____

Home Address: _____   City: _Long Beach_   State: _CA_   Zip: _90813_

Have you ever been convicted of a crime? ___ No   _✓_ Yes   If yes, please provide city and state of conviction w/details of conviction.

_Los Angeles California  Domestic Assault on the parent of my_
_child (misdemeanor)_

I hereby authorize, without reservation, First Choice and the directors, officers, employees, and agents of the foregoing, and any party or agency contracted by First Choice and their directors, officers, employees, and agents, as a condition precedent to employment or as a condition of continuing employment, to contact any of my previous employers or to contact schools, companies, credit bureaus, law enforcement agencies, government agencies, persons and educational institutions to supply any information concerning my background and to furnish the above listed information and to release and hold harmless all parties involved from any liability and responsibility for doing so. This authorization and consent shall be valid in original, fax or copy form. I believe to the best of my knowledge that all the information I have provided is accurate, true and correct and that I fully understand the terms of this release.

In consideration of and connection with my application for employment with First Choice Research (including contract for services, if applicable) and as a consideration of continuing employment with First Choice Research, I understand that an investigative background inquiry will be performed on myself, including, but not limited to, consumer credit history, criminal credit history, worker compensation claim history, civil records history, driving record history, employment history and other such reports that may exhibit information of my character, work habits, performance, education and experience, along with reasons for termination of employment from previous employers, where such information exists. This research may be performed for information dating back for the past ten years.

Print Full Name: _Andrea Ruffins_

Applicant's Signature: _____   Today's Date: _8-1-2012_

FAIR CREDIT REPORTING ACT NOTICE:
In accordance with the Fair Credit Reporting Act (FCRA, Public Law 91-508, Title VI), this information may only be used to verify a statement(s) made by an individual in connection with legitimate business needs. The depth of information available varies from state to state. Dates of updates are available on request. Although every effort has been made to assure accuracy, First Choice Research Incorporated cannot act as guarantor of information accuracy or completeness. Final verification of an individual's identity and proper use of report contents are the user's responsibility. First Choice Research Incorporated's policy requires purchasers of these reports to have signed a Service Agreement. This means First Choice Research Incorporated that users are familiar with and fully abide by their obligations, as stated in the FCRA, for the individual(s) named in these reports. If information contained in this report is responsible for the suspension or termination of an employee or the application process, have the Candidate/employee contact First Choice Research Incorporated.

NOTICE TO CALIFORNIA CANDIDATES
You have a right to obtain a copy of any consumer report or investigative consumer report obtained by Company Name by checking the box provided below. The report will be provided to you within three (3) business days after we receive the requested reports related to the matter investigated.

[  ] I request to receive a free copy of this report by checking this box.

Under section 1786.22 of the California Civil Code, you may view the file maintained on you by FIRST CHOICE during normal business hours. You may also obtain a copy of this file upon submitting proper identification and paying the costs of duplication services, by appearing at FIRST CHOICE in person or by mail. You may also receive a summary of the file by telephone. The agency is required to have personnel available to explain your file to you and the agency must explain to you any coded information appearing in your file. If you appear in person, a person of your choice may accompany you, provided that this person furnishes proper identification.

# EXHIBIT 2



# CONSUMER AUTHORIZATION

The following information is required by law enforcement agencies and other entities for positive identification purposes when checking public records. It is confidential and will not be used for any other purposes.

Name as it appears on license: _____

Driver's License #: _____ State: _____ Exp. Date: _____

Date of Birth: _____ Social Security #: _____

Home Address: _____ City: _____ State: _____

Have you ever been convicted of a crime? ___ No ___ Yes  If yes, please provide city and state of conviction w/details of conviction.

_____

_____

_____

I hereby authorize, without reservation, First Choice and the directors, officers, employees, and agents of the foregoing, and any party or agency contracted by First Choice and their directors, officers, employees, and agents, as a condition precedent to employment or as a condition of continuing employment, to contact any of my previous employers or to contact schools, companies, credit bureaus, law enforcement agencies, government agencies, persons and educational institutions to supply any information concerning my background and to furnish the above listed information and to release and hold harmless all parties involved from any liability and responsibility for doing so. This authorization and consent shall be valid in original, fax or copy form. I believe to the best of my knowledge that all the information I have provided is accurate, true and correct and that I fully understand the terms of this release.

In consideration of and connection with my application for employment with Company Name (including contract for services, if applicable) and as a consideration of continuing employment with Company Name, I understand that an investigative background inquiry will be performed on myself, including, but not limited to, consumer credit history, criminal credit history, worker compensation claim history, civil records history, driving record history, employment history and other such reports that may exhibit information of my character, work habits, performance, education and experience, along with reasons for termination of employment from previous employers, where such information exists. This research may be performed for information dating back for the past ten years.

Print Full Name: _____

Applicant's Signature: _____  Today's Date: _____

FAIR CREDIT REPORTING ACT NOTICE:
In accordance with the Fair Credit Reporting Act (FCRA, Public Law 91-508, Title VI), this information may only be used to verify a document(s) used by an individual in connection with legitimate business needs. The depth of information available varies from state to state. States of updates are available on request. Although every effort has been made to assure accuracy, First Choice Research Screening cannot act as guarantor of these information accuracy or completeness. Final verification of an individual's identity and proper use of report contents are the user's responsibility. First Choice Research Screening's policy requires purchasers of these reports to have signed a Service Agreement. This assures First Choice Research Screening that users are familiar with and will abide by their obligations, as stated in the FCRA, to the individuals named in these reports. If information contained in this report is responsible for the suspension or termination of an employee or the application process, have the Candidate/employee contact First Choice Research Screening

## NOTICE TO CALIFORNIA CANDIDATES

You have a right to obtain a copy of any consumer report or investigative consumer report obtained by Company Name by checking the box provided below.  The report will be provided to you within three (3) business days after we receive the requested reports related to the matter investigated.

☐ I request to receive a free copy of this report by checking this box.

Under section 1786.22 of the California Civil Code, you may view the file maintained on you by FIRST CHOICE during normal business hours.  You may also obtain a copy of this file upon submitting proper identification and paying the costs of duplication services, by appearing at FIRST CHOICE in person or by mail.  You may also receive a summary of the file by telephone.  The agency is required to have personnel available to explain your file to you and the agency must explain to you any coded information appearing in your file.  If you appear in person, a person of your choice may accompany you, provided that this person furnishes proper identification.

# EXHIBIT 3

FIRST CHOICE

PAGE 02/18

# BACKGROUND SCREENING REPORT
Prepared for: GOODWILL 800 W. Pacific Highway
Long Beach, CA 90806
Phone: 562.435.3411



FIRST CHOICE
BACKGROUND SCREENING

Hollywood, FL 33024
Phone: 888 878-1895

**Subject Information:**

**Requestor Information:**

| | |
|---|---|
| Subject: | Ruffing, Andrea L |
| DOB: | |
| Social Security Number: | |
| Date/Time Last Update: | February 7, 2012 11:42 AM |
| Order Number(s): | 28203 |
| Package Name(s): | STANDARD PACKAGE |
| Address: | 1301 W. 12TH STREET |
| | LONG BEACH, CA 90813 |

| | |
|---|---|
| Requestor Name: | Liliana Castro |
| Requestor Userid: | gowill/lcastro |
| Requestor Phone: | 562-435-3411 |
| Requestor Email: | |
| Billing Identifier 1: | |
| Billing Identifier 2: | |
| Billing Identifier 3: | |

**Report Summary Information:**

| Component | Status | Last update |
|---|---|---|
| Social Trace for SSN          ., page 8 | COMPLETE-verified | 2/01/12 05:08 PM Eastern |
| County Criminal History in Los Angeles, California for Andrea L Ruffing, page 9 | COMPLETE-hits | 2/07/12 10:43 AM Eastern |
| County Criminal History in DURHAM, North Carolina for Andrea L Ruffing, page 10 | COMPLETE-hits | 2/07/12 11:41 AM Eastern |
| FirstChek for Andrea L Ruffing, page 10 | COMPLETE-hits | 2/07/12 11:42 AM Eastern |

Notice :  The information provided is a consumer report as defined in the federal Fair Credit Reporting Act [15 U.S.C, 1681- 1681u]. It contains confidential information on the individual named. It is submitted to the conditions contained in your Subscriber Agreement with First Choice Background Screening and may be used solely as a factor in evaluating the named individual for property renting/leasing, employment, promotion, reassignment or retention as an employee. First Choice Background Screening maintains strict procedures designed to insure that the information is complete and up to date. While the information furnished is from reliable sources, its accuracy is not guaranteed. Proper use of this report and final verification of the named individual's identity is your sole responsibility. If any adverse action is taken based in whole or in part on this consumer report, a copy of this report and a summary of the consumer's rights must be provided to the consumer prior to taking adverse action.

The following notice is provided as required under California law:

* The report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records.  Evidence of identity theft may or may not be identified from this report.
* The recipient of this report shall give a copy of this report to the subject of the report.
* Failure to provide a copy of the report as required by law may expose you to liability as specified in Section 1786.50.

First Choice Research Screening will accurately report all information as received. This information in this report is gathered from sources deemed by First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.

SUBJECT.DETAILS
Printed: 02/22/12 0454 PM EDT

www.firstchoiceresearch.com

Andrea L Ruffing
Page 2 of 14

Exhibit A
Page 25

FIRST CHOICE                                    PAGE  03/18

Social Trace for SSN 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-verified :

SSN IS VALID, ISSUED IN IN
IN THE YEAR 1976-1978

ANDREA NMN RUFFING    DOB :

last seen 01/2012
first seen 12/2007

ANDREA L RUFFING    DOB :

last seen 01/2012
first seen 12/2007

ANDREA NMN RUFFING    DOB :

last seen 12/2011
first seen 10/2002

ANDREA L RUFFING    DOB :

last seen 12/2011
first seen 10/2002

ANDREA NMN RUFFING

last seen 12/2011
first seen 11/2001

ANDREA L RUFFING

last seen 12/2011
first seen 11/2001

ANDREA NMN RUFFING    DOB :

last seen 12/2011
first seen 11/2001

ANDREA L RUFFING    DOB :

last seen 12/2011
first seen 11/2001

ANDREA NMN RUFFING    DOB :

last seen 03/2011
first seen 03/2011

ANDREA L RUFFING    DOB :

last seen 03/2011
first seen 03/2011

ANDREA NMN RUFFING    DOB :

last seen 05/2010
first seen 05/2010

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by
First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.
SUBJECT_DETAILS
Printed: 06/20/12 04:54 PM EDT

www.firstchoiceresearch.com

Andrea L Ruffing
Page 3 of 11
Exhibit A
Page 26

FIRST CHOICE

PAGE 04/18

ANDREA L RUFFING   DOB :

last seen 05/2010
first seen 05/2010

ANDREA NMN RUFFING   DOB :

last seen 06/2007
first seen 06/2007

ANDREA L RUFFING   DOB :

last seen 06/2007
first seen 06/2007

ANDREA NMN RUFFING   DOB :

last seen 04/2007
first seen 10/2001

ANDREA L RUFFING   DOB

last seen 04/2007
first seen 10/2001

ANDREA NMN RUFFING   DOB :

last seen 02/2005
first seen 01/1996

ANDREA L RUFFING   DOB :

last seen 02/2005
first seen 01/1996

ANDREA NMN RUFFING   DOB

last seen 02/2003
first seen 02/2003

ANDREA L RUFFING   DOB :

last seen 02/2003
first seen 02/2003

ANDREA NMN RUFFING   DOB :

last seen 09/2002
first seen 08/2000

ANDREA L RUFFING   DOB :

last seen 09/2002
first seen 08/2000

ANDREA NMN RUFFING   DOB :

last seen 01/2002
first seen 01/2002

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.
SUBJECT_DETAILS
Printed: 06/28/12 04:54 PM EDT
www.firstchoiceresearch.com
Andrea L Ruffing
Page 4 of 14

06/27/2012  20:44    9549646283          FIRST CHOICE                    PAGE  05/18

ANDREA L RUFFING   DOB :

last seen 01/2002
first seen 01/2002

ANDREA NMN RUFFING   DOB :

last seen 10/2001
first seen 10/2001

ANDREA L RUFFING   DOB :

last seen 10/2001
first seen 10/2001

ANDREA NMN RUFFING   DOB :

last seen 10/2001
first seen 10/2001

ANDREA L RUFFING   DOB :

last seen 10/2001
first seen 10/2001

ANDREA L RUFFING

last seen 07/2001
first seen 07/2001

ANDREA NMN RUFFING

last seen 11/2000
first seen 11/2000

ANDREA L RUFFING

last seen 11/2000
first seen 11/2000

ANDREA NMN RUFFING   DOB :

last seen 09/2000
first seen 09/2000

ANDREA L RUFFING   DOB :

last seen 09/2000
first seen 09/2000

ANDREA NMN RUFFING   DOB :

last seen 07/2000
first seen 02/1999

ANDREA L RUFFING   DOB : 08/20/1970
                    100 COLUMBIA AVE
                    BRUNSWICK, ME 04011

last seen 07/2000
first seen 02/1999

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by
First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.

SUBJECT DETAILS
Printed: 06/26/12 04:54 PM EDT                    www.firstchoiceresearch.com                    Andrea L Ruffing
                                                                                                  Page 5 of 14

Exhibit A
Page 28

06/27/2012  20:44    9549648283          FIRST CHOICE                    PAGE  05/18

ANDREA NMN RUFFING

last seen 04/2000
first seen 01/1995

ANDREA L RUFFING

last seen 04/2000
first seen 01/1995

ANDREA NMN RUFFING    DOB :

last seen 07/1999
first seen 07/1999

ANDREA L RUFFING    DOB :

last seen 07/1999
first seen 07/1999

ANDREA NMN RUFFING

last seen 05/1999
first seen 05/1999

ANDREA L RUFFING

last seen 05/1999
first seen 05/1999

ANDREA NMN RUFFING    DOB :

last seen 05/1997
first seen 05/1997

ANDREA L RUFFING    DOB :

last seen 05/1997
first seen 05/1997

ANDREA NMN RUFFING    DOB

last seen 01/1996
first seen 09/1994

ANDREA L RUFFING    DOB :

last seen 01/1996
first seen 09/1994

ANDREA NMN RUFFING    DOB :

last seen 04/1994
first seen 04/1994

ANDREA L RUFFING    DOB :

last seen 04/1994
first seen 04/1994

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.

SUBJECT.DETAILS
Printed: 08/22/12 04:54 PM EDT                 www.firstchoiceresearch.com                    Andrea L Ruffing
                                                                                                Page 6 of 14

Exhibit A
Page 29

ANDREA NAN RUFFING   DOB :

last seen 06/1995
first seen 06/1995

ANDREA L RUFFING   DOB :

last seen 06/1995
first seen 06/1995

ANDREA NAN RUFFING   DOB :

last seen 09/1994
first seen 09/1994

ANDREA L RUFFING   DOB :

last seen 09/1994
first seen 09/1994

ANDREA NAN RUFFING   DOB

last seen 11/1991
first seen 11/1991

ANDREA L RUFFING   DOB :

last seen 11/1991
first seen 11/1991

ANDREA L WILLIAMS   DOB :

last seen 01/2012
first seen 12/2007

ANDREA L WILLIAMS   DOB :

last seen 12/2011
first seen 10/2002

ANDREA L WILLIAMS

last seen 12/2011
first seen 11/2001

ANDREA L WILLIAMS   DOB :

last seen 12/2011
first seen 11/2001

ANDREA L WILLIAMS   DOB :

last seen 06/2011
first seen 05/2011

ANDREA L WILLIAMS   DOB :

last seen 05/2010
first seen 05/2010

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by
First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.

SUBJECT DETAILS
Printed: 06/28/12 04:54 PM EDT                         www.firstchoiceresearch.com                         Andrea L Ruffing
                                                                                                            Page 7 of 14

ANDREA L WILLIAMS  DOB :

last seen 06/2007
first seen 06/2007

ANDREA L. WILLIAMS  DOB :

last seen 04/2007
first seen 10/2001

ANDREA L WILLIAMS  DOB :

last seen 02/2005
first seen 01/1996

ANDREA L WILLIAMS  DOB :

last seen 02/2003
first seen 02/2003

ANDREA L WILLIAMS  DOB :

last seen 09/2002
first seen 09/2000

ANDREA WILLIAMS  DOB :

last seen 01/2002
first seen 01/2002

ANDREA L WILLIAMS  DOB :

last seen 10/2001
first seen 10/2001

ANDREA L WILLIAMS  DOB :

last seen 10/2001
first seen 10/2001

ANDREA L WILLIAMS

last seen 07/2001
first seen 07/2001

ANDREA L WILLIAMS

last seen 11/2000
first seen 11/2000

ANDREA L WILLIAMS  DOB :

last seen 09/2000
first seen 09/2000

ANDREA L WILLIAMS  DOB :

last seen 07/2000
first seen 02/1998

First Choice Research Screening will accurately report all information we received. The information in this report is gathered from sources deemed by First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.

Exhibit A
Page 31

Jul 27 2012  20:44   9649648283          FIRST CHOICE                          PAGE 09/18

ANDREA L WILLIAMS

ANDREA L WILLIAMS   DOB :
last seen 04/2000
first seen 01/1995

ANDREA L WILLIAMS
last seen 07/1999
first seen 07/1999

ANDREA L WILLIAMS   DOB :
last seen 05/1998
first seen 05/1998

ANDREA L WILLIAMS   DOB :
last seen 05/1997
first seen 05/1997

ANDREA L WILLIAMS   DOB :
last seen 01/1995
first seen 04/1994

ANDREA L WILLIAMS   DOB :
last seen 04/1994
first seen 04/1994

ANDREA L WILLIAMS   DOB :
last seen 08/1995
first seen 08/1995

ANDREA L WILLIAMS   DOB :
last seen 08/1994
first seen 08/1994

ANDREA L WILLIAMS
last seen 11/1991
first seen 11/1991

ANDREA L WILLIAMS
last seen 01/1989
first seen 01/1989

ANDREA L WILLIAMS
last seen
first seen

**County Criminal History in Los Angeles, California for Andrea L. Ruffing -hits :**

Search Type : Felony Including Misdemeanor

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by
First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.
SUBJECT DETAILS
Printed: 08/28/12 04:54 PM EDT
www.firstchoiceresearch.com
Andrea L Ruffing
Page 9 of 14

*FIRST CHOICE*                                    PAGE 18/18

## Case #11G02773

Defendant : ANDREA LYNN RUFFING
DOB
Identified by : name, date of birth

Case Number    11G02773
Offense Date    05/14/2011
Filing Date    05/17/2011

**Charge #1**

Charge    INFLICTION OF CORPORAL INJURY ON SPOUSE/ CO HABITANT
Crime Type    MISDEMEANOR
Disposition    GUILTY

Sentence Comments : 06/21/11 DEFT. MOTION FOR DISMISSAL IS HEARD AND DENIED BY COURT. CASE TRANSFERRED TO TORRANCE COURT. PROBATION IS ALSO DENIED. 365 DAYS JAIL. 156 DAYS CREDIT TIME SERVED. 10 YR CRIMINAL PROTECTIVE ORDER - DOMESTIC VIOLENCE SIGNED AND FILED.

## Case #YA050005

Defendant : ANDREA LYNN RUFFING
DOB
Identified by : name, date of birth

Case Number    YA050005
Offense Date    11/07/2001
Disposition Date    11/08/2001

**Charge #1**

Charge    ARSON OF A STRUCTURE OR FOREST LAND
Crime Type    FELONY
Disposition    GUILTY

Sentence Comments : PROBATION DENIED; 6 YRS LOW TERM STATE PRISON - 339 DAYS CREDIT TIME SERVED, VICTIM RESTITUTION TO BE DETERMINED FOR FUTURE HEARING; REGISTER AS AN ARSON OFFENDER 07/05/02 PAID $500 TO VIANNO CASTELLANO, PHD.

---

County Criminal History in DURHAM, North Carolina for Andrea L Ruffing -hits :

Search Type : Felony Including Misdemeanor
## Case #310-08-CR-054146

Defendant : ANDREA L RUFFING
DOB
Identified by : name, date of birth

Case Number    310-08-CR-054146
Offense Date    11/18/2008
Disposition Date    12/11/2008

**Charge #1**

Charge    EXTRADITION/ FUGITIVE OTHER STATE
Crime Type    FELONY
Disposition    GUILTY

Sentence Comments : WAIVER OF EXTRADITION

---

FirstChek for Andrea L. Ruffing -hits :

## Case #050006

Defendant : ANDREA LYNN RUFFING
DOB

Case Number    050006
Source    CA LOS ANGELES SUPERIOR COURT

Crime Type    CRIMINAL FELONY

Charge Comments : Court: Y

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.

SUBJECT DETAILS
Printed: 08/28/12 04:54 PM EDT

05/27/2012  20:44      9549548293           FIRST CHOICE                    PAGE  11/18

| | |
|---|---|
| Charge | NOT PROVIDED BY SOURCE |
| Crime Type | CRIMINAL FELONY |
| Disposition | CASE FILED |
| Filing date | 02/13/2002 |

Charge Comments : Court: Y

## Case #01310DURHAM 2008CR 054146

Defendant : ANDREA LYNN RUFFING
311 50M S.LASALLE ST , DURHAM, NC 27705
DOB

| | | | |
|---|---|---|---|
| Gender | FEMALE | Case Number | 01310DURHAM 2008CR 054146 |
| Race | BLACK/AFRICAN AMERICAN | Source | NC ADMIN OFFICE OF COURTS |
| | | Jurisdiction | DURHAM |

Case Comments : DATE CASE SERVED: 11/18/2008; TRIAL DATE: 01/05/2009

| | |
|---|---|
| Charge | EXTRADITION/FUGITIVE OTH STATE |
| Crime Type | FELONY |
| Disposition | WAIVER OF EXTRADITION |
| Statute | 15A-727;733;734 |
| Offense date | 11/16/2008 |
| Disposition date | 12/11/2008 |

Charge Comments : Court: DISTRICT

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.

SUBJECT DETAILS
Printed: 09/28/12 04:54 PM EDT                    www.firstchoiceresearch.com                    Andrea L Ruffing
                                                                                                  Page 11of 14

                                                                                  Exhibit A
                                                                                  Page 34

*Para informacion en espanol, visite www.ftc.gov/credit o escribe a la FTC Consumer ResponseCenter, Room 130-A 600 Pennsylvania Ave. N.W., Washington, D.C. 20580.*

## A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. For more information, including information about additional rights, go to www.ftc.gov/credit or write to: Consumer Response Center, Room 130-A, Federal Trade Commission, 600 Pennsylvania Ave. N.W , Washington, D.C. 20580.

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment  or to take another adverse action against you  must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - — a person has taken adverse action against you because of information in your credit report;
  - — you are the victim of identify theft and place a fraud alert in your file;
  - — your file contains inaccurate information as a result of fraud;
  - — you are on public assistance;
  - — you are unemployed but expect to apply for employment within 60 days.

In addition, by September 2005 all consumers will be entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.ftc.gov/credit for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.ftc.gov/credit for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.
SUBJECT DETAILS
Printed: 05/22/12 04:54 PM MDT                          www.firstchoiceresearch.com                          Andrea L Ruffing
                                                                                                Page 1 of 14

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.ftc.gov/credit.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.ftc.gov/credit.

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by
First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.

States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. Federal enforcers are:

| TYPE OF BUSINESS: | CONTACT: |
| --- | --- |
| Consumer reporting agencies, creditors and others not listed below | Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 1-877-382-4357 |
| National banks, federal branches/agencies of foreign banks (word "National" or initials "N.A." appear in or after bank's name) | Office of the Comptroller of the Currency Compliance Management, Mail Stop 6-6 Washington, DC 20219 800-613-6743 |
| Federal Reserve System member banks (except national banks, and federal branches/agencies of foreign banks) | Federal Reserve Board Division of Consumer & Community Affairs Washington, DC 20551 202-452-3693 |
| Savings associations and federally chartered savings banks (word "Federal" or initials "F.S.B." appear in federal institution's name) | Office of Thrift Supervision Consumer Complaints Washington, DC 20552 800-842-6929 |
| Federal credit unions (words "Federal Credit Union" appear in institution's name) | National Credit Union Administration 1775 Duke Street Alexandria, VA 22314 703-519-4600 |
| State-chartered banks that are not members of the Federal Reserve System | Federal Deposit Insurance Corporation Consumer Response Center 2345 Grand Avenue, Suite 100 Kansas City, Missouri 64108-2638 1-877-275-3342 |
| Air, surface, or rail common carriers regulated by former Civil Aeronautics Board or Interstate Commerce Commission | Department of Transportation Office of Financial Management Washington, DC 20590 202-366-1306 |
| Activities subject to the Packers and Stockyards Act, 1921 | Department of Agriculture Office of Deputy Administrator - GIPSA Washington, DC 20250 202-720-7051 |

First Choice Research Screening will accurately report all information as received. The information in this report is gathered from sources deemed by First Choice Research Screening to be reliable, however First Choice Research Screening cannot be responsible for the content of information received from an outside source.



## SOLO PARA RESIDENTES DE CALIFORNIA
### Derechos del Consumidor de California

Ud. tiene derechos cuando una investigación de reporte al consumidor es obtenida por ud. los siguientes son sus derechos:

La siguiente inforación puede obtenerse a partir de First Choice, 6365 Taft Street, Suite 2000, Hollywood, Florida 33024 ("Agencia"). Nuesto horario de oficina es de 8:30 a.m. to 5:30 p.m. ETZ. Nuestro teléfono es (954) 964-1260.

1.  Quien sea que obtenga el informe, es requerido darle a ud. una copia grátis.

2.  Ud. tiene el derecho de contactar a la Agencia que hizo el reporte (informe). Ud. puede hacer esto de una de las siguientes maneras:

    (a)  Ud. podría ir en persona durante horas de oficina. Ud. puede llevar a un acompañante. Su acompañante puede ser requerido a presentar identificación válida. Se le puede requerir a firmar un papel permitiendo a la Agencia discutir o revelar su información a su acompañante.

    (b)  Ud. puede recibir su archivo por correo certificado, si ud. ha dado notificación por escrito a la Agencia para que su información sea enviada a ud. o a otra persona a quien ud. desea que se le envíe la misma. Se requiere proveer su información cuando envíe por la misma.

    (c)  Ud. puede discutir su archivo por teléfono si es que ud. ha dado las instrucciones por escrito a la Agencia y ha provisto su información necesaria.

3.  Ud. tiene el derecho de recibir una copia de su archivo o su informe de la investigación al consumidor en la Agencia. Puede haber un cargo hasta de $8.00 para obtener una copia de su informe o su archivo. De todos modos, podría recibir una copia grátis si:

    (a)  Una vez, durante un periodo de doce (12) meses si ud. esta sin empleo y trata de conseguir empleo en un periodo de sesenta (60) dias, o si ud. recibe ayuda de asistencia pública, o también si ud. cree que su archivo contiene información no correcta por fraude.

    (b)   Si ud. recibe una copia de la Agencia relacionada a una investigación no exacta que cuestionó o si la información fue regresada a su archivo.

4.   Ud. tiene el derecho de conocer la siguiente información:

    (a)   Los nombres de las personas y compañias que hayan recibido algún informe suyo en los últimos tres (3) años.  Ud. puede requerir sus direcciones y números telefónicos.

    (b)   Explicaciones de algunos códigos o abreviaciones usados en su informe para que ud. pueda entenderlo.

5.   Ud. tiene el derecho de discutir o cuestionar cualquier información en su archivo. Para hacer eso deberá contactar a la Agencia directamente.  La persona que ordena el informe es requerida de darle el nombre y la dirección de la Agencia.

    (a)   La Agencia tendrá treinta (30) días hábiles desde el día que recibe su queja para completar la investigación.

    (b)   Cuando la Agencia haya terminado con la investigación debera informar a ud. de cualquier cambio producido en el informe como resultado de la investigación.

    (c)   Si la investigación no quita (borra) la información que ud. cuestiona, ud. tiene el derecho de poner su declaración de los hechos en su archivo. La Agencia tiene gente capacitada para ayudarle a escribir su declaración. La Agencia podría limitar su declaración a quinientas (500) palabras.

    (d)   Si hay información quitada o agregada en la declaración de su archivo, ud. puede pedir a la Agencia enviar el informe con la nueva información de su declaración a cualquiera que haya recibido la información en los últimos dos (2) años.

    (e)   Si la información que fue quitada de su archivo es retornada al mismo, entonces, ud. tiene la facultad de recibir notificación por escrito de aquel hecho y tiene el derecho a disputar la información agregada.

6.   Ud. tambien tiene derechos bajo ley federal respecto a su informe.  Una copia de esos derechos le serán dadas con esta declaración de los derechos del consumidor de California. Muchos de estos derechos estan incluídos en la ley del estado de California. Bajo ley federal, su informe es llamado Reporte del Consumidor, no una investigación al consumidor, si eso no contiene entrevistas personales.



## FOR CALIFORNIA RESIDENTS ONLY
### California Consumer Rights

The following information may be obtained from First Choice, 6365 Taft Street, Suite 2000, Hollywood, Florida, 33024 ("Agency"). Our office hours are from 8:30 a.m. to 5:30 p.m. ETZ. Our telephone number is (954) 964-1260.

You have rights when an investigative consumer report is obtained by you. The following are some of your rights:

1.   Whoever obtained the report is required to give you a free copy.

2.   You have the right to contact the Agency that made the report. You can do this in one of the following ways:

   (a)   You may go to the Agency in person during the normal business hours. You can bring someone with you. That person may be required to present identification. You may be required to sign a paper allowing the Agency to discuss your file with or to show your file to this person.

   (b)   You may receive your file by certified mail, if you have given written notice to the Agency that you want information mailed to you or to another person you want to receive the file. You will be required to provide identification when you write for your file.

   (c)   You may be able to discuss your file over the telephone if you have given written instructions to the Agency and have provided identification.

3.   You have the right to receive a copy of your file or your investigative consumer report at the Agency. You may be charged up to $8.00 to obtain a copy of your report or file. However, you may receive a free copy if:

   (a)   Once during a twelve month period if you are unemployed and intend to seek employment within sixty (60) days or you receive public welfare assistance or you believe your file contains inaccurate information because of fraud.

Exhibit A
Page 40

06/27/2012  20:44.   9549648289          FIRST CHOICE                    PAGE  18/18

(b)   If you are receiving a copy from the Agency relating to an investigation into the accuracy of the information you have disputed or if information is put back into your file.

4.   You have the right to know the following information:

(a)   The names of the persons and the companies who have received a report about you in the last three (3) years. You may request their addresses and telephone numbers.

(b)   Explanations of any codes or abbreviations used in your report, so you can understand the report.

5.   You have the right to dispute any information in your file. You must contact the Agency directly to do so. The person who ordered a report is required to give you the name and address of the Agency.

(a)   The Agency has thirty (30) days from the day it received your dispute to complete the investigation.

(b)   When the Agency is done with the investigation, it must tell you of any changes made in the report as a result of the investigation.

(c)   If the investigation does not remove the information disputed by you, you have the right to place your statement of the facts in your file. The Agency has people to help you write the statement. The Agency may limit your statement to five hundred (500) words.

(d)   If information is removed or you add a statement to your file, you can request the Agency to send the report, as changed or with your statement, to anyone who received the information in the last two (2) years.

(e)   If information that is removed from your files is placed back in your file, you are entitled to receive written notice of that fact and you have the right to dispute the information added.

6.   You also have rights under federal law in regard to your report. A copy of those rights are given to you with this California statement of consumer rights. Many of these rights are also included within California law. Under federal law, your report is called a consumer report, not an investigative consumer report, if it did not include personal interviews.

2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Devin H. Fok (SBN #256599)<br>Law Offices of Devin H. Fok<br>P.O. Box 7165<br>Alhambra, CA 91802-7165<br>TELEPHONE NO.: 310-430-9933    FAX NO.: 323-563-3445<br>ATTORNEY FOR (Name): Andrea L. Ruffing et al. | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>NOV 01 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By SHAUNDA WESLEY, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Ruffing v. First Choice Background Screening et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | BC526352 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse<br>condemnation (14) | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 1 for violation of the FCRA
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/1/2013

Devin H. Fok
_____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Ruffing v. First Choice Background Screening | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☐ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | | | | |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Ruffing v. First Choice Background Screening | CASE NUMBER |
|---|---|

| | | | |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit A
Page 44

| SHORT TITLE: Ruffing v. First Choice Background Screening | CASE NUMBER |
|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Exhibit A
Page 45

| SHORT TITLE: Ruffing v. First Choice Background Screening | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 800 W. Pacific Highway, Long Beach, CA 90806 |
|---|---|
| ☑1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Long Beach | STATE: CA | ZIP CODE: 90806 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 11/1/2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit A
Page 46

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | (322) | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge William F. Highberger | 307 | 1402 |
| OTHER | | |

BC526352

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ___NOV 07 2013___          Sheri R. Carter, Executive Officer/Clerk

By _____, Deputy Clerk

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

Exhibit A
Page 48

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.:                FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
| --- | --- |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Exhibit A
Page 49

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

The following parties stipulate:

Date:

_____    ►  _____
    (TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)
Date:

_____    ►  _____
    (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____    ►  _____
    (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____    ►  _____
    (TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)
Date:

_____    ►  _____(_____)
    (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)
Date:

_____    ►  _____(_____)
    (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)
Date:

_____    ►  _____(_____)
    (TYPE OR PRINT NAME)                  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR_____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR_____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR_____)

Exhibit A
Page 53

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Exhibit A<br>Page 54

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit A
Page 56

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| John A. Girardi, Esq., SBN 54917<br>V. Andre Sherman, Esq., SBN 198684<br>Girardi Keese<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017 | |

TELEPHONE NO.: 213-977-0211   FAX NO. *(Optional)*: 213-481-1554

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiff and the Proposed Class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: Los Angeles, CA 90012

CITY AND ZIP CODE:

BRANCH NAME: Central District

PLAINTIFF/PETITIONER: ANDREA L. RUFFING, on behalf of herself and all others similarly situated

DEFENDANT/RESPONDENT: FIRST CHOICE BACKGROUND SCREENING, d.b.a. FIRST CHOICE RESEARCH SCREENING, a foreign corporation doing business in California, et al.

| | CASE NUMBER: |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | BC526352 |

TO *(insert name of party being served)*: FIRST CHOICE BACKGROUND SCREENING, dba FIRST CHOICE RESEARCH SCREENING

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12-20-13

_____   ▶ _____
(TYPE OR PRINT NAME)           (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify)*: Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Class Action Cases; Voluntary Efficient Litigation Stipulations

*(To be completed by recipient)*:

Date this form is signed: _____

▶

_____   _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal<br>Solutions<br>ⓟPlus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

Exhibit A
Page 57

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____John A. Kronstadt_____ and the assigned Magistrate Judge is _____Andrew J. Wistrich_____ .

The case number on all documents filed with the Court should read as follows:

## 13CV9514 JAK AJWx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 27, 2013
Date

By _J.Prado_____
Deputy Clerk

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                 NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

ANDREA L. RUFFING, on behalf of herself and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

FIRST CHOICE BACKGROUND SCREENING, d.b.a. FIRST CHOICE RESEARCH SCREENING, a foreign corporation doing business in California; and DOES 1-10, inclusive

**(b) County of Residence of First Listed Plaintiff** _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

John A. Girardi, Esq.
Girardi Keese, 1126 Wilshire Boulevard, Los Angeles, Ca. 90017
Tel.: (213) 977-0211/Fax: (213) 481-1554
Attorney for Plaintiff and the Proposed Class

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Marc V. Allaria, Esq.
Litchfield Cavo LLP, 245 South Los Robles Ave., #450, Pasadena, Ca. 91101
Tel.: (626) 683-1100/Fax: (626) 683-1113
Attorneys for Defendant First Choice Research and Investigations Inc.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding    ☒ 2. Removed from State Court    ☐ 3. Remanded from Appellate Court    ☐ 4. Reinstated or Reopened    ☐ 5. Transferred from Another District (Specify)    ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes  ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1331, 1441 and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**      Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes  ☐ No | ☒ Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS |
|---|---|---|---|
| ☐ Yes  ☒ No | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. |
| If none applies, answer question C2 to the right.  ➡ | If none applies, go to the box below.  ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: 12-27-13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |