UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA L. RUFFING, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST CHOICE BACKGROUND SCREENING, d.b.a. FIRST CHOICE RESEARCH SCREENING, a foreign corporation doing business in California; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. LA CV13-9514 JAK (AJWx)<br>[Assigned for all purposes to the Hon. John A. Kronstadt]<br><br>**PROTECTIVE ORDER**<br><br>Complaint filed on November 1, 2013<br>Trial Date:  April 7, 2015 |

By agreement of the parties, and in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Andrea Ruffing and Defendant First Choice Background Screening request that this Court find that good cause exists for the entry of the following protective order governing the production and exchange of certain documents and information between Plaintiff, Defendant, and certain non-parties, including other consumer reporting agencies, in the above-captioned case.

1. <u>Definitions</u>.

   a. The term "Confidential Information" means the following information that Defendant may produce to Plaintiff, that Plaintiff may produce to Defendant, or that the parties may receive from non-parties, including consumer reporting agencies, which is designated as "CONFIDENTIAL" pursuant to the provisions of this Protective Order:

   (1) Any non-public proprietary business information pertaining to Defendant or non-parties, including trade secrets, contracts with third-party vendors and customers, customer information and customer lists;

   (2) Any personal information, such as the first five digits of a social security number, driver's license numbers, and home or business phone numbers, financial or medical for any individual, including Plaintiff.

   (3) Consumer reports prepared by consumer reporting agencies.

   (4) Any other information which the Court shall rule to be confidential after appropriate notice and for good cause.

   b. Documents and other discovery materials that contain the sensitive or private information described in Sections 1(a)(2) and 1(a)(3) above may be designated as "Confidential – Attorneys Eyes Only."

2. <u>Designation Of Confidentiality</u>. The designation of any document or information as CONFIDENTIAL pursuant to the terms of this Order shall constitute a verification by counsel of record for the designating party that at least one attorney for

that party has reviewed the document or information for compliance with the criteria of this Order and that the designation is in the good faith judgment of counsel consistent with the terms of this Order. Documents or information may be designated CONFIDENTIAL within the meaning of this Order in the following ways:

    a. In the case of documents and the information contained therein where the entirety of such document is CONFIDENTIAL, designation shall be made by means of the following legend placed on each page of any such document: "CONFIDENTIAL PURSUANT TO COURT ORDER". However, where feasible, designations of Confidentiality shall be made so that only the pages of a document that contain Confidential Information shall be designated CONFIDENTIAL, rather than the entirety of the document.

    b. In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated CONFIDENTIAL. The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION. Designated parts not to be used, copied or disclosed except as authorized by Court Order."

        c.      In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information shall be made by a statement to such effect on the record during the course of the deposition or by a statement in writing sent to all counsel of record within ten (10) business days of receipt of the deposition transcript. The entire deposition transcript (including exhibits) shall be treated as Confidential under this Order until the expiration of the above-referenced ten-day period for designation by writing, except that the deponent may review the transcript of his or her own deposition during this period. The parties may also agree in writing to extend the time period for providing such designation. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION. Designated parts not to be used, copied or disclosed except as authorized by Court Order." If all or part of a videotaped deposition is designated as CONFIDENTIAL, the videocassette or other videotape container shall be labeled with the legend provided for in Paragraph 2(a) above.

        d.      To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computerized Material") is produced by any source in such form, the producing source may designate such matter as CONFIDENTIAL by placing a

label with the language from Paragraph 3(a) above on the disk or tape containing the Computerized Material.

     e.    To the extent that any party or counsel for any party creates, develops or otherwise establishes any electronic or magnetic media, including any database, disk or tape, which contains information designated CONFIDENTIAL, that party and/or its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

     f.    All documents and materials filed with the Court containing or reflecting the contents of Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed with the caption Ruffing v. First Choice Background Screening, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION – SUBJECT TO COURT ORDER" and words in the following form:

> By order dated [], the enclosed [name of document], or a portion thereof, has been filed under seal and may not be examined without further Court order.

     g.    No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's Copy" of a sealed document may be accessed by the presiding Judge, law clerks and other Court personnel without further Order of the Court. Each document filed under seal may be returned to the source that filed it (1) if no appeal is taken, within ninety days after a final judgment

is rendered or (2) within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the source of a sealed document fails to remove the document within the appropriate time frame, after notice from the Clerk of Court, the document shall be destroyed by the Clerk. Regardless of any provision in this Order to the contrary, a source does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that source. Prior to filing any document marked confidential, the producing party shall file and notice a motion before the Court asserting good cause for filing the document(s) under seal.

3. <u>To Whom Confidential Information May Be Disclosed</u>.

a. Confidential Information, except for documents and materials designated as "Confidential – Attorneys' Eyes Only," may be disclosed only to people who fall into the following categories:

1. Plaintiff, including his attorneys and support staff;

2. Defendant's representatives, including its attorneys and its attorneys' support staff;

3. Experts and his or her direct staff (as defined by Federal Rule of Civil Procedure 26(b)(4));

4. Deposition court reporters;

5. Commercial copying services employed by either Defendant or Plaintiff for the purpose of making copies of documents for use in connection with this case;

6. Any party or any director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of this action;

7. persons not covered by subparagraphs (a), (b), (c) (d) (e) or (f) above whom counsel of record believe may (i) possess information relating to the prosecution or defense of this action; and (ii) be potential witnesses in this matter;

8. any person who authored or received the particular material sought to be disclosed to that person, or any person currently employed by the producing or receiving party if that person normally would have access to the specific subject matter contained in the particular confidential material sought to be disclosed to that person;

9. this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons including necessary clerical personnel recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

       10.    a Mediator or Mediators appointed by the Court or agreed to by the parties;

       11.    any other person to whom the source producing the information agrees in writing; and

    b.    Documents and materials that contain the sensitive or private information described in Sections 1(a)(2) and 1(a)(3) above and designated as "Confidential – Attorneys Eyes Only" may be disclosed only to the individual or consumer whose personal or other information is reflected in the document and only at the individual's or consumer's request individually or through his or her counsel, and the persons identified in Section 3(a)(1) and 3(a)(2); provided, however, that upon redaction of the information described in Sections 1(a)(2) and 1(a)(3), the redacted document shall be considered "Confidential Information" which may be disclosed only to the persons identified in subsections (a)-(h) of this Section.

    c.    Without limiting the generality of the foregoing, unless otherwise ordered by the Court, documents and materials containing the information described in Sections 1(a)(2) and 1(a)(3) may be filed with the Court only if redacted to remove such information.

    4.    <u>Disclosure Restrictions</u>.  Confidential Information can be disclosed or otherwise used only for purposes directly related to this case and cannot be used for any other personal or business purpose.

5. <u>Notification Of Confidentiality Order</u>. Confidential Information shall not be disclosed to persons described in Paragraph 3 unless and until such person has been provided a copy of this Protective Order and has executed an Acknowledgment of Protective Order in the form attached hereto as Exhibit A. This prohibition includes either direct or indirect disclosure, including but not limited to any disclosure by counsel or experts. The originals of the executed Acknowledgments of Protective Order shall be maintained by counsel for the party who obtained them until the final resolution of this litigation. Upon a showing of good cause to the Court, copies of all executed Acknowledgments shall provided to the counsel for opposing parties.

6. <u>Inadvertent Production</u>. Any production of documents containing, or other disclosure of, Confidential Information that was not identified as "Confidential" at the time of the production will not be deemed a waiver in whole or in part of a source's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Additionally, the production of Confidential Information will not be deemed a waiver of any right by a party to object to the admissibility of such document on grounds of relevancy, materiality, privilege or any other objection. Within 10 days of learning of an inadvertent or unintentional disclosure of Confidential Information, the producing source shall provide notice to the parties that the information should have been designated Confidential and bring an appropriate motion to the Court. During this ten-day period

and until the Court rules on the issue of whether the disclosure was inadvertent, the receiving party will treat the materials as confidential.

7.      <u>Final Determination</u>.  Within 30 days after the final determination of this case (including any appeals), Plaintiff will return to Defendant and non-parties all Confidential Information that the Defendant and non-parties produced, including originals and any copies.  Alternatively, Plaintiff will certify to Defendant and non-parties that all Confidential Information Defendant and non-parties produced, including originals and any copies, was destroyed.  Within 30 days after the final determination of this case (including any appeals), Defendant will return to Plaintiff all Confidential Information Plaintiff produced, including originals and any copies.  Alternatively, Defendants will certify to Plaintiff that all Confidential Information Plaintiff produced, including originals and any copies was destroyed.  Counsel for each party must certify compliance with this Paragraph 7 within this 30-day period.  As to those materials which contain or reflect Confidential Information, but which constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to Protective Order. Counsel shall be entitled to retain pleadings, deposition transcripts, and the trial record including exhibits even if such materials contain Confidential Information, so long as such Confidential Information, in accordance with the provisions of this Order, is clearly

marked to reflect that it contains information subject to Protective Order. Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph.

8. <u>Admissibility of Confidential Documents</u>. Nothing in this Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. In addition, any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

9. <u>Voluntary Disclosure</u>. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party providing the Confidential Information consents to such disclosure, or if the Court, after notice to the affected party, orders such disclosure.

10. <u>Exceptions</u>. The restrictions on the use and disclosure of Confidential Information contained herein shall not apply to Confidential Information which the party receiving the Confidential Information can show:

    a. Was available to the public at the time of receipt of the Confidential Information; or,

    b. Became available to the public through no fault of the receiving party (including the officers or employees of a corporate party) subsequent to the receipt of the Confidential Information or was disclosed to the receiving party without any obligation

or confidentiality by someone not a party to this action who was in lawful possession of such information.

The receiving party shall have the burden of proving that Confidential Information comes within the scope of one or more of the exceptions contained in this Paragraph.

11. <u>Additional Protections</u>.  The provisions of this Protective Order are without prejudice to the right of (a) the party providing Confidential Information to apply to the Court for an order imposing further restrictions on any given document or item of information, or (b) either party to oppose production or admissibility of documents or information for any reason.

12. <u>Resolution of Disputes</u>.  If the party receiving Confidential Information believes that a given document or item of information should not be treated as Confidential Information, the party receiving the Confidential Information shall so notify the party producing the Confidential Information in writing (i) the information in issue and (ii) the grounds for questioning the confidentiality designation.  The source must respond in writing within ten (10) business days, or within such additional time as is reasonable (taking into account the number of documents and other information at issue) and is agreed by counsel or as ordered by the court, and the parties shall attempt to resolve the matter between themselves.  If the parties are unable to agree, the party receiving the Confidential Information may move the Court for the entry of an order that such document or item of information not be treated as Confidential Information.  All documents or items of information designated by a party as Confidential Information

shall be treated as confidential by the party receiving the document or information until the court has ruled on the motion of the party receiving the document or item of information.

13. <u>Interested Party Challenges</u>.  In the event that an interested third party seeks to challenge the confidentiality of documents protected by this Order, such third party may file a motion for review with this Court under the caption of the present case. Both parties will then have an opportunity to respond to the third party motion. When filing a motion challenging the confidentiality of any document or item of information, the party filing the motion shall file a redacted document protecting the Confidential Information with the Clerk of the Court. The party filing the motion shall provide an unredacted copy of the Confidential Information to the Court for an *in camera* review and ruling.

14. <u>Use of a Party's Own Confidential Information</u>.  Nothing contained in this Protective Order shall preclude either party from using its own Confidential Information in any manner it sees fit, or from revealing its Confidential Information to whomever it chooses, without the prior consent of the other party or this Court.

15. <u>Return of Sealed or Restricted Documents</u>.  Within 60 days after the date this case is closed in the District Court, including the exhaustion of any appeals, the clerk shall return any previously-sealed or previously-restricted documents to the attorney or party who filed it in a sealed enclosure.

16. <u>Compliance by Non-Parties</u>.

a. Any party or person in possession of Confidential Information who receives a subpoena or other process from any person including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information, is obligated to give immediate written notice by facsimile and certified mail to all parties to this litigation, and their attorneys, of such subpoena or other notice, and shall thereafter object to complying with the subpoena or notice on the basis of this Order until the earlier of (i) the producing party's consent to such production, or (ii) the passage of five (5) business days since written notice was given to the producing party and the producing party has not filed a motion to quash the subpoena or other appropriate objection with the applicable court.  In the event that the producing party does file a motion to quash or other objection with the court, all parties agree to withhold production of any Confidential Information until the court has ruled on the producing party's pleading.

b. This Protective Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this litigation, unless the non-party waives the protection of this Stipulation and Protective Order.  This Stipulation and Protective Order shall also apply to non-parties who are afforded access

to documents or information produced during discovery in this litigation, whether by deposition, production of documents or otherwise.

17. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

18. Nothing in this Order shall preclude any party from using or disclosing, in any manner or for any purpose, any information or documents obtained through independent means, rather than discovery in this lawsuit, even though the same information or documents may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL.

19. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

20. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written request.

21. The Parties and all signatories agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a

1  different Protective Order, the Parties agree to be bound by this Stipulation and
2  Protective Order until such time as the Court may enter such a different Order. It is the
3  Parties' intent to be bound by the terms of this Stipulation and Protective Order pending
4  its entry so as to allow for immediate production of Confidential Materials under the
5  terms herein.

This Stipulation and Protective Order may be executed in counterparts.

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Date: August 6, 2014                  _____
                                      Hon. John A. Kronstadt
                                      UNITED STATES DISTRICT JUDGE